# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50010 | **DATE** | 2/19/2013 |
| **CASE TITLE** | Walker v. Winnebago County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Johnston's motion to dismiss [62] is denied.

■[ For further details see text below.]

Docketing to mail notices.

---

    Plaintiff, Herbert Walker, sued defendants, Winnebago County Sheriff Richard Meyers, nurse Linda Johnston, nurse practitioner Tanya Munger-Montavan, nurse Valerie Lewis, and an unknown nurse, alleging that defendants were deliberately indifferent to plaintiff's serious medical condition—glaucoma—while he was an inmate at the Winnebago County Jail. Before the court is defendant Johnston's motion to dismiss for failure to state a claim based on the statute of limitations. For the reasons set out below, the court denies Johnston's motion.

## I. BACKGROUND

    According to Walker's second amended complaint, Walker was diagnosed with glaucoma prior to his incarceration at the Winnebago County Jail. On July 23, 2010, Johnston saw Walker at the jail and became aware of Walker's diagnosis and his need for medication to alleviate the symptoms of glaucoma. According to the complaint, Johnston failed to comply with Walker's previously prescribed medical requirements, and Johnston remained untreated, and in pain, until October 28, 2010, when he was finally administered treatment.

    Based on these facts, on January 9, 2012, Walker filed a <u>pro se</u> complaint with this court alleging a violation of his civil rights based on cruel and unusual punishment against a number of defendants, which did not include Johnston. Johnston was not added to the case until Walker filed his second amended complaint, this time with the assistance of counsel, on August 30, 2012. On October 4, 2012, Johnston filed a motion to dismiss arguing that Walker failed to file his claim against her during the two-year statute of limitations.

## II. ANALYSIS

    When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>Killingsworth v. HSBC Bank Nev., N.A.</u>, 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint

has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

The Seventh Circuit has warned that it is "irregular to dismiss a claim as untimely under Rule 12(b)(6)."[1] Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quotation marks omitted). This is because a plaintiff is under no duty to anticipate affirmative defenses, like a statute of limitations defense, and thus may not have pled all of the facts necessary to establish one of the many exceptions to the defense. Id.; see also Richards v. Mitcheff, 696 F.3d 635, 637-38 (7th Cir. 2012). Only where the complaint establishes an "airtight" or "impenetrable" defense as to what would otherwise be a good claim can a defendant succeed in having a claim dismissed at the Rule 12 stage based on an affirmative defense. Richards, 696 F.3d at 637-38. Here, that has not occurred.

Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims. Id. at 637. Illinois has a two-year statute of limitation on personal injury claims. See 735 ILCS 5/13-202. However, federal law defines when a claim accrues and that two-year time frame begins, and typically the "federal rule for medical errors is that a claim accrues when a person knows his injury and its cause." Richards, 696 F.3d at 637. Johnston argues that Walker's claim accrued on July 23, 2010, the only date she is alleged to have treated Walker, and his second amended complaint filed on August 30, 2012 is outside of the two-year statute of limitations.

However, deliberate indifference claims do not necessarily accrue on the date that a medical professional sees a patient. As the Seventh Circuit has stated

> The district court, as we said, thought the date of accrual was when the plaintiff discovered he had a medical problem that required attention. This would be correct if the suit were for medical malpractice. But it is not; malpractice does not violate the Eighth Amendment; instead the suit charges that the defendants inflicted cruel and unusual punishment on the plaintiff by refusing to treat his condition. This refusal continued for as long as the defendants had the power to do something about his condition, which is to say until he left the jail. Every day that they prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew. A series of wrongful acts creates a series of claims. . . . [I]n this case every day that the defendants ignored the plaintiff's request for treatment increased his pain. Not only would it be unreasonable to require him, as a condition of preserving his right to have a full two years to sue in respect of the last day on which his request was ignored, to bring separate suits two years after each of the earlier days of deliberate indifference; but it would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them.

Heard v. Sheahan, 253 F.3d 316, 318-20 (7th Cir. 2001) (citations and formatting omitted). The allegations of the complaint are that Johnston refused to treat Walker for his glaucoma on July 23, 2010, and Walker did not receive treatment until October 28, 2010. Based on Heard, the alleged violation of Walker's rights began on July 23, 2010, but did not end until October 28, 2010, which is the date on which his claim accrued. Accordingly, based on the allegations in the complaint,[2] Walker's second amended complaint, filed on August 30, 2012, was within the two-year time limit beginning October 28, 2010. Consequently, Johnston has not met her burden to show that the second amended complaint sets out an airtight or impenetrable defense such that her statute of limitations argument can succeed at the Rule 12 stage.

Of course, should discovery disclose that Walker's cause of action accrued before October 28, 2010, and that Walker is not otherwise eligible for some kind of tolling of the statute of limitations, Johnston may file a motion for summary judgment on this ground. Nevertheless, the motion to dismiss based on Rule 12(b)(6) is denied.

1. Indeed, technically, a motion to dismiss based on an affirmative defense should not be brought at all until the Rule 12(c) stage, once all the pleadings have been filed. See Richards v. Mitcheff, 696 F.3d 635, 637-38 (7th Cir. 2012). However, "[t]his comes to the same thing as a dismissal under Rule 12(b)(6), and opinions, including some by this court, often use the two interchangeably." Id.

2. Johnston also argues that she did not have responsibility for Walker's treatment following July 23, 2010. That information is not included in the allegations of the complaint, but is, instead, alleged in an affidavit from Johnston attached to the motion to dismiss. As is set out above in the standard of review, this court is limited to considering whether the complaint sets out a plausible request for relief, and it may not consider extraneous materials not included with the complaint. See Fed. R. Civ. P. 12(b)(6).